# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Edith Hudson,

        Defendant.

Crim. No. 03-367 (RHK/AJB)

**ORDER**

---

This matter is presently before the Court on Defendant's "Motion For Extension Of Time To File 28 U.S.C. 2255." (Docket No. 88.)  Defendant is asking the Court to grant her a 90-day extension of the one-year deadline for seeking relief under 28 U.S.C. § 2255.  See 28 U.S.C. § 2255 [para. 6]. Defendant's motion will be DENIED, for the reason discussed below.

Defendant has not cited, and the Court is not independently aware of, any binding legal precedent that should be applied to the present motion.  However, the Second Circuit of Appeals considered a similar motion in Green v. United States, 260 F.3d 78 (2nd Cir. 2001).  The Green decision is well-reasoned, and the Court will follow that decision here.

In Green, the Court initially noted that "'a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed,'" because in the absence of an actual petition, "'there is no case or controversy to be heard, and any opinion... on the timeliness issue would be merely advisory.'" 260 F.3d at 82, quoting United States v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000) (per curiam).  See also Ramirez v. United States, 461 F.Supp.2d 439, 440-41 (E.D.Va. 2006) ("[w]hile the

Fourth Circuit has not yet considered the issue, every court to have done so has concluded that federal courts lack jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed because a motion for extension of time [for filing a § 2255 motion] is not, by itself, a 'case or controversy' within the meaning of Article III of the United States Constitution").

However, the Court further recognized in <u>Green</u> that "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required,... to treat that motion as a substantive motion for relief under section 2255." 260 F.3d at 83. This led the Court to conclude that –

> "Irrespective of when a prisoner files a motion for extension of time, the district court must first determine whether the motion contains allegations supporting a claim for relief under section 2255. If it does, the district court should construe it as such, and then decide whether the motion is timely. If it does not, the district court has no jurisdiction... to consider the motion."

<u>Id</u>.

In this case, Defendant's motion for extension offers no hint as to what grounds for relief she might attempt to raise in a § 2255 motion. There is simply no indication whatsoever about the type of substantive claim(s) Defendant might have mind. <u>See</u> <u>id</u>. at 83 ("[a] motion under section 2255 must 'specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified"), quoting Rule 2(b) of the Rules Governing Section 2255 Proceedings. Thus, even with the benefit of liberal construction, the present motion for extension cannot be construed to actually be a § 2255 motion. It follows, under the analysis prescribed by <u>Green</u>, that this Court lacks jurisdiction over

Defendant's current motion for extension. The motion must therefore be denied.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED** that

Petitioner's "Motion For Extension Of Time To File 28 U.S.C. 2255," (Docket No. 88), is

DENIED.

Dated: February   15  , 2007

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge

---

[1]  The actual expiration date of the § 2255 statute of limitations in this case cannot be adjudicated here, because that issue is not properly before the Court at this time. The Court notes, however, that Defendant's application for certiorari review, on her direct appeal, apparently was denied by the Supreme Court on April 17, 2006. See Hudson v. United States, 126 S.Ct. 1769 (2006).   If that is so, then it would appear that the one-year limitations period began to run on that date, which would mean that the statute of limitations would expire on April 17, 2007. See Campa-Fabela v. United States, 339 F.3d 993, 993-994 (8th Cir. 2003) ("one-year limit began to run here on... the date on which [defendant's] petition for a writ of certiorari was denied"), cert. denied, 541 U.S. 967 (2004).  Again, the Court cannot presently determine the deadline for filing a § 2255 motion in this case, but it appears that Defendant might still be able to file a timely § 2255 motion, if she acts promptly.