**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Edith Hudson, | Civ. No. 07-1787 (RHK) |
| | Crim. No. 03-367 (RHK/AJB) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION and** |
| | **ORDER** |
| United States of America, | |
| Respondent. | |

---

Edith Madora Hudson, Federal Correctional Institution – Waseca, P.O. Box 1731, Waseca, Minnesota, 56093, Petitioner, pro se.

James E. Lackner, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

---

**INTRODUCTION**

This matter is presently before the Court pursuant to a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Docket No. 90), which has been filed, pro se, by Defendant Edith Hudson. The Motion has been fully briefed by the parties, and is now before the Court for final adjudication. For the reasons discussed below, Defendant's Motion will be DENIED.

**BACKGROUND**

In November 2003, Defendant was indicted for being a felon in possession of a firearm. In January 2004, shortly before Defendant's trial was scheduled to begin, the prosecuting attorney informed Defendant's attorney that if Defendant were to be convicted, the Government would ask the Court to sentence her under the Armed Career Criminal Act, ("ACCA"). Defendant contends that her attorney did not pass along this information to her until after her trial. For purposes of this

Motion, the Court accepts that contention as truthful and correct.

On January 21, 2004, a jury found Defendant guilty of the single count on which she was indicted, i.e., being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Thereafter, the Government did indeed ask the Court to sentence Defendant as an Armed Career Criminal.

To be sentenced under the ACCA, a defendant must have been convicted for at least three previous offenses that qualify as "a violent felony or serious drug offense" under 18 U.S.C. § 924(e). In this case, the Government contended that Defendant had been convicted of three prior offenses that made her subject to the ACCA. One of those prior offenses was a 1992 Minnesota state court conviction for "felony theft from a person." Defendant vigorously argued that her 1992 theft conviction was not a violent felony for purposes of § 924(e), but that argument was rejected, and the Court concluded that Defendant should be sentenced under the ACCA. On August 24, 2004, Defendant was sentenced to fifteen years in federal prison – the statutory minimum sentence for any defendant who has been found to be an Armed Career Criminal under § 924(e).

After Defendant was convicted and sentenced, she filed a direct appeal. On appeal, Defendant argued that (1) her conviction should be vacated, because she was wrongly precluded from presenting evidence in support of her defense, and (2) her sentence should be vacated, because her 1992 theft conviction was not a violent felony for purposes of the ACCA. The Eighth Circuit Court of Appeals rejected Defendant's claims on the merits, and affirmed her conviction and sentence. United States v. Hudson, 414 F.3d 931 (8th Cir. 2005), cert. denied, 547 U.S. 1072 (2006).

After Defendant's conviction and sentence became final on direct appeal, she filed her current Motion seeking post-conviction relief under 28 U.S.C. § 2255. This Motion lists three

grounds for relief:

    (1) Defendant received ineffective assistance of counsel during the trial court proceedings, because her attorney failed to promptly inform her that the Government would be seeking to have her sentenced under the ACCA;

    (2) the Supreme Court's decision in <u>Shepard v. United States</u>, 544 U.S. 13 (2005), invalidates Defendant's sentencing under the ACCA; and

    (3) Defendant should be allowed to raise her current claim based on <u>Shepard</u>, (i.e., Ground Two above), in this § 2255 Motion, because <u>Shepard</u> represents a new "change in the law" that was not available during her direct appeal.

For the reasons discussed below, the Court finds that none of Defendant's current claims for relief is sustainable.

## ANALYSIS

### I. Ground One: Ineffective Assistance of Counsel

Defendant initially claims that her conviction should be set aside, because she was deprived of her Sixth Amendment right to effective assistance of counsel during the trial court proceedings. According to Defendant, her attorney committed a grievous error, by failing to promptly inform her about the Government's intent to have her sentenced under the ACCA. Defendant contends that her attorney wrongly allowed her "to proceed to trial under the assumption that the maximum penalty for the charge was ten years." (Defendant's "Memorandum of Law in Support of Application for Habeas Petition 2255," [Docket No. 91], p. 2.)

Claims of ineffective assistance of counsel are governed by the two-part test prescribed by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under the <u>Strickland</u> test, a defendant claiming

ineffective assistance of counsel must show (a) that the attorney's performance was deficient and (b) that the attorney's deficient performance prejudiced the defendant's case.

Counsel's performance is considered deficient only if it falls outside the wide range of professionally competent assistance. Harris v. Bowersox, 184 F.3d 744, 756 (8th Cir. 1999), cert. denied, 528 U.S. 1097 (2000). Courts considering claims of ineffective assistance of counsel must presume that attorneys provide effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997), cert. denied, 522 U.S. 1129 (1998). See also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). To meet the "prejudice" part of the Strickland test, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In this case, Defendant's ineffective assistance of counsel claim must be rejected, because even if her attorney's performance was deficient, there has been no showing of any resulting prejudice. Defendant contends that she was "exposed to a greater punishment" because of her attorney's alleged mistake. (Defendant's "Memorandum of Law in Support of Application for Habeas Petition 2255," [Docket No. 91], p. 3.) That argument, however, is clearly unsustainable, because Defendant has failed to explain why she believes she would have been exposed to a lesser punishment if her attorney had promptly informed her about the Government's intent to seek an ACCA sentence.

Defendant has not described anything that she might have done differently if she had known earlier about the possibility of an ACCA sentence. There is no reason to think Defendant would

have pled guilty to the charged offense if she had known about the possible ACCA sentence, and even if she had pled guilty, there is no reason to think that such a plea would have affected her sentence in any way. Defendant has not suggested that she had been offered any type of plea bargain that she would have accepted if she had known about the possible ACCA sentence. Nor has Defendant suggested that her attorney's alleged mistake had any bearing on her preparations for trial, or her preparations for sentencing.

Defendant's case is readily distinguishable from the Davis case that she has cited in her memorandum. (See Defendant's "Memorandum of Law in Support of Application for Habeas Petition 2255," [Docket No. 91], p. 3, citing United States v. Davis, Cr. No. C-03-94, (S.D.Tex. 2006), 2006 WL 2583395.) In Davis, the defendant was able to show that if he had been accurately informed about his potential sentence, he would have entered into a plea agreement that would have allowed him to receive a shorter sentence then he actually received. See Davis, 2006 WL 2583395 at *5 ("[i]t is undisputed that, had Davis accepted the government's plea offer, the government would not have moved to enhance his sentence"). Here, Defendant has not shown that she could have – and would have – pled guilty, and received a shorter sentence, if her attorney had fully informed her about her sentencing prospects. In Davis, the Court found that "there is a reasonable probability that, but for his counsel's failure to accurately inform him of his true sentencing exposure, [the defendant] would have pleaded guilty, and that he would have received a lesser sentence." Id. This Court cannot make a similar finding in Defendant's case.

In short, Defendant has not identified any specific prejudice to her legal interests that could be attributable to her attorney's alleged error. She has not shown how her case could have turned out any differently if her attorney had promptly informed her of the Government's intent to seek an

ACCA sentence. Because Defendant can show no prejudice, her ineffective assistance of counsel claim must be denied on the merits.

## II. Grounds Two and Three: Shepard v. United States

In Ground Two of Defendant's § 2255 Motion, she contends that the Supreme Court's Shepard decision modifies the standards and procedures that should be used when determining whether a particular prior conviction should be counted as "a violent felony or serious drug offense" for purposes of the ACCA. Defendant believes that if Shepard had been applied to her case, then her 1992 theft conviction would not have been considered to be a violent felony for purposes of the ACCA. In Ground Three, Defendant contends that the Shepard claim presented at Ground Two can properly be raised and adjudicated in the present § 2255 Motion, because the claim is based on a change in the law, (namely the changes effected by the Shepard decision), which did not occur until after her appeal was complete. Because Defendants final two grounds for relief are so closely interrelated, the Court will address them together.

Defendant's second and third grounds for relief are based on her assertion that "the Supreme Court decid[ed] Shepard after the Eighth Circuit ruled on [her] direct appeal." ("Petitioner's Rebuttal to the Government Response to Motion 2255," [Docket No. 94], p. 5.) However, that simply is not true. Defendant filed her Notice of Appeal on September 2, 2004, (Docket No. 72), the Shepard decision was handed down on March 7, 2005, and the Eighth Circuit Court of Appeals did not hand down its decision in Defendant's direct appeal until July 15, 2005. Thus, Shepard was decided while Defendant's direct appeal was still pending before the Eighth Circuit.[1] It is therefore

---

[1] In fact, the Court of Appeals' docket sheet indicates that Shepard was decided even before the oral arguments in Defendant's direct appeal.

clear that Shepard does not represent a change in the law that occurred after Defendant's conviction became final on direct appeal.

Furthermore, the Government represents that Defendant actually did raise a Shepard claim in her direct appeal, by filing a motion for rehearing. The Government has asserted that:

> "On July 29, 2005, Hudson filed her Petition for Rehearing en banc arguing that the Supreme Court's decision in Shepard v. United States, 544 U.S. 13 (decided March 7, 2005) should be applied to her case. On August 31, 2005 the Eithth [sic] Circuit denied Hudson's Petitions for Rehearing en banc and Rehearing by the Panel."

("Response of the United States to Petitioner's Motion to Vacate or Correct Sentence," [Docket No. 93], p. 6.) Defendant has made no effort to dispute this assertion in her "Rebuttal" to the Government's Response, (or anywhere else), and there is no apparent reason to question the Government's averment that Defendant raised Shepard arguments during the course of her direct appeal. Thus, the Court finds that Defendant not only could have raised arguments based on Shepard on her direct appeal, but she actually did so. Moreover, the Eighth Circuit Court of Appeals obviously rejected Defendant's Shepard arguments, by denying her requests for rehearing.

An argument that has been raised and rejected in a defendant's direct appeal cannot be raised again in a later § 2255 motion. United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001) ("[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255"), cert. denied, 534 U.S. 1083 (2002).[2] Applying this rule here, the Court finds

---

[3] In Wiley, the Court explained that an issue decided on direct appeal can be re-raised in a subsequent § 2255 motion, if the defendant presents some previously unavailable evidence which affirmatively demonstrates that he must be actually innocent of the offense for which he was convicted. 245 F.3d at 752 ("the miscarriage-of-justice exception to the rule against relitigating matters decided on direct appeal" can be invoked "only when petitioners have produced convincing new evidence of actual innocence"). This exception obviously is not available here, because Defendant has not presented any new evidence that could prove her actual innocence.

that Defendant's arguments based on Shepard cannot be raised and decided (again) in her present § 2255 Motion.

Furthermore, it appears that the Eighth Circuit had good reason to reject Defendant's Shepard arguments on direct appeal. In Shepard, the Supreme Court reiterated that for purposes of determining whether a prior conviction counts as a "violent felony" under the ACCA, the sentencing court normally must "'look only to the fact of conviction and the statutory definition of the prior offense.'" Shepard, 544 U.S. at 17, quoting Taylor v. United States, 495 U.S. 575, 602 (1990). The Court further held that a sentencing court cannot rely on "police reports or complaint applications" when deciding whether a prior state court conviction should be treated as a violent felony for ACCA purposes, but a court can look at "the charging document." Shepard, 544 U.S. at 16.

Defendant has failed to explain why she thinks her sentence contravenes the teachings of Shepard. Defendant's 1992 theft conviction was determined to be a violent felony for ACCA purposes by looking at the language of the statute under which she was convicted, the criminal complaint by which she was charged, and the fact of the conviction itself. Hudson, 414 F.3d at 934-36. Defendant has not cited anything in the trial court record, or in the Court of Appeals' opinion, which suggests that her 1992 theft conviction was found to be a violent felony based on "police reports or complaint applications," or any other documentation proscribed by Shepard. Therefore, Defendant cannot show that the standards and procedures used to determine her ACCA sentence are barred by the Supreme Court's decision in Shepard.

## CERTIFICATE OF APPEALABILITY

The Court anticipates that Defendant may seek appellate review of this ruling on her § 2255 Motion. However, a federal prisoner may not appeal a final order in a proceeding under § 2255,

without first securing a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a Certificate of Appealability unless the prisoner "has made a <u>substantial showing</u> of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); <u>see also</u> <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).

A Certificate of Appealability will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. <u>See</u> <u>Kramer v. Kemna</u>, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253"). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise warrant further review. <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 946 (1994) (citing <u>Lozado v. Deeds</u>, 498 U.S. 430, 432, (1991) (<u>per</u> <u>curiam</u>)); <u>see also</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert</u>. <u>denied</u>, 525 U.S. 834 (1998).

The Court finds that the resolution of Defendant's current § 2255 claims is not "debatable among reasonable jurists." <u>Flieger</u>, 16 F.3d at 882-83. Nor do Defendant's claims present any important questions of law that warrant appellate review. Thus, the Court concludes that Defendant is not entitled to a Certificate of Appealability in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED:**

1. Defendant's Motion to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 90) is **DENIED WITH PREJUDICE**; and

    2.  Defendant will not be granted a Certificate of Appealability if she attempts to appeal this Order to the Eighth Circuit Court of Appeals.

    **LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 4, 2011

                                                                      s/Richard H. Kyle
                                                                       RICHARD H. KYLE
                                                                       United States District Judge